**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  LINDA L. GARMONG,

Debtor,

_____

GREGORY O. GARMONG,

Appellant,

v.

MAUPIN, COX & LEGOY,

Appellee.

No.    20-17520

D.C. No. 3:19-cv-00490-RCJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before:  MURGUIA, Chief Judge, and IKUTA and VANDYKE, Circuit Judges.
Concurrence by Judge VANDYKE

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Gregory Garmong appeals the district court's order affirming the bankruptcy court's order denying Garmong's motion to remand his state court action, and dismissing that action with prejudice. We have jurisdiction to determine our own jurisdiction. *In re Gugliuzza*, 852 F.3d 884, 889 (9th Cir. 2017).

Garmong's state court action is not a civil proceeding arising under, arising in, or related to a case under title 11, because his complaint alleges only state law claims against Maupin, Cox & Legoy (MCL), and the parties do not allege that the outcome of the action would have any effect on Linda Garmong's estate or require any interpretation of the Linda Garmong bankruptcy plan. *See* 28 U.S.C § 1334(b); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *In re Wilshire Courtyard*, 729 F.3d 1279, 1289 (9th Cir. 2013). Therefore, the bankruptcy court lacked jurisdiction under 28 U.S.C. § 1334(b) over Garmong's state action. Because a party may remove a claim from state court under 28 U.S.C § 1452 only if the district court "has jurisdiction of such claim or cause of action under section 1334," the district court here lacked removal jurisdiction over Garmong's state court action. Even assuming the bankruptcy court retained jurisdiction over a settlement agreement between Garmong and MCL, *cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–77 (1994), such retention does not confer removal jurisdiction under 28 U.S.C § 1452, and the parties fail to identify any

2

other statutory basis for removal, *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding that under the well-pleaded complaint rule, the plaintiff is the "master of the claim" and can generally avoid federal jurisdiction if a federal question does not appear on the face of the complaint).

We therefore reverse and remand with instructions that the district court grant Garmong's motion to remand the case to state court.

**REVERSED AND REMANDED.**

*In re: Linda Garmong, et al v. Maupin, Cox & Legoy*, No. 20-17520



VANDYKE, Circuit Judge, concurring in the judgment.

    I concur in the result only.

1